UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

PAIGE PORTIER MCGEHEE,              CASE NO. 2:17-CV-01372
INDIVIDUALLY AND ON BEHALF OF
THE MINOR CHILDREN, COOPER
JAMES MCGEHEE AND RAYMOND
JAMES MCGEHEE, IV

VERSUS                             JUDGE JAMES D. CAIN, JR.

WAL-MART LOUISIANA L L C ET AL     MAGISTRATE JUDGE KAY

## MEMORANDUM RULING

Before the Court is "AGCS Marine Insurance Company's Motion for Summary
Judgment" (Doc. 47) wherein third-party defendant, AGCS Marine Insurance Company
("AGCS") moves for summary judgment seeking the dismissal of Wal-Mart Louisiana, LLC
and Wal-Mart Stores, Inc.'s ("Wal-Mart") third-party demand against it. AGCS maintains that
the terms of its additional insured coverage are not met due to Louisiana's Construction Anti-
Indemnity Statute ("LCAIS"). For the following reasons, the motion will be denied.

## FACTUAL STATEMENT

AGCS provided a general insurance policy to Sealand[1] which afforded Sealand
insurance coverage for bodily injury and property damage from February 20, 2016 to February
20, 2017. The policy contained a Blanket Additional Insured provision which stated that "this
policy shall include as additional insureds any person or organization to whom the named
insured has agreed by contract or agreement to provide coverage[.]"[2] Pursuant to a Master

---

[1] Defendant's exhibit C-1.
[2] *Id.* p. 14.

Services Agreement ("MSA"), Sealand as the named insured of the AGCS policy, agreed to maintain insurance coverage and name Wal-Mart and all subsidiaries and affiliates as additional insureds, including defense coverage.[3] In its answer to the third party demand, Sealand has declined to defend, indemnify, and hold harmless the Wal-Mart Defendants.[4]

Through the MSA, Sealand and Wal-Mart entered a contract for services wherein Sealand contracted to provide services to Wal-Mart.[5] In conjunction with a service request to Sealand from Wal-Mart, an accident occurred that resulted in bodily injury and death of a Sealand employee at a Wal-Mart Store in Lake Charles, Louisiana.

In this lawsuit, Wal-Mart has filed a third-party demand against Sealand and its insurer AGCS seeking defense and indemnification for the accident.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than

---

[3] Defendant's exhibit D.
[4] ¶ XIII and Third Defense, Answer to Wal-Mart Louisiana, LLC's and Wal-Mart Stores, Inc.'s Third-Party Demand. Doc. 35.
[5] *Id.*

2

mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Relying on an exemption in the LCAIS, AGCS maintains that because Wal-Mart did not pay or reimburse Sealand for insurance premiums, Wal-Mart is not entitled to defense and indemnity. AGCS argues that it is entitled to a declaration that Wal-Mart is not an additional insured on its policy of insurance issued to Sealand because the insurance requirements in the MSA that would trigger that coverage are void and unenforceable under Louisiana Revised Statute 9:2780.1.[6] The portion of the LCAIS which prohibits indemnification provides as follows:

---

[6] An exemption is provided regarding construction contracts; the relevant portion of the statute provides that:
  I. Nothing in this Section shall invalidate or prohibit the enforcement of the following:
  (1) Any clause in a construction contract containing the indemnitor's promise to indemnify, defend, or hold harmless the indemnitee or an agent or employee of the indemnitee if the contract also required the indemnitor to obtain insurance to insure the obligation to indemnify,

B. Notwithstanding any provision of law to the contrary and except as otherwise provided in this Section, any provision, clause, covenant, or agreement contained in, collateral to, or affecting a ... construction contract which purports to indemnify, defend, or hold harmless, or has the effect of indemnifying, defending, or holding harmless, the indemnitee from or against any liability for loss or damage resulting from the negligence or intentional acts or omissions of the indemnitee, an agent or employee of the indemnitee, or a third party over which the indemnitor has no control is contrary to the public policy of this state and is null, void and unenforceable.

C. Notwithstanding any provision of law to the contrary and except as otherwise provided in this Section, any provision, clause, covenant, or agreement contained in, collateral to, or affecting a ... construction contract which purports to require an indemnitor to procure liability insurance covering the acts or omissions of a third party over whom the indemnitor has no control is null, void, and unenforceable. However, nothing in this Section shall be construed to prevent the indemnitee from requiring the indemnitor to provide proof of insurance for obligations covered by the contract.

AGCS asserts that the LCAIS applies to the MSA because it is a construction contract.

AGCS relies on the definition of "construction contract" provided in the statute as follows:

(2)(a) "Construction contract" shall mean any agreement for the design, construction, alteration, renovation, repair, or maintenance of a building, structure, highway, road, bridge, water line, sewer line, oil line, gas line, appurtenance, or other improvement to real property, or easement, license, or other instrument granting an interest in or the right to possess property will be deemed to be a construction contract even if the instrument includes the right to design, construct, alter, renovate, repair, or maintain improvements on such real property.

---

defend, or hold harmless and there is evidence that the indemnitor recovered the cost of the required insurance in the contract price. However, the indemnitor's liability under such clause shall be limited to the amount of the proceeds that were payable under the insurance policy or policies that the indemnitor was required to obtain.

AGCS suggests that the MSA between Wal-Mart and Sealand did not obligate Wal-Mart for payment or reimbursement of insurance premiums. AGCS relies on the following provisions in the policy and the MSA regarding additional insureds:

1. Blanket Additional Insureds

In consideration of the premium charged, it is agreed that this policy shall include as additional insureds any person or organization to whom the named insured has agreed by contract or agreement to provide coverage, but only with respect to operations performed by or on behalf of the named insured and only with respect to occurrence subsequent to the making of such contract or agreement.[7]

The MSA between Wal-Mart and Sealand contains an insurance clause as follows:

Each Commercial General Liability Policy shall: (i) name Wal-Mart Stores, Inc., its subsidiaries and its affiliates as additional insureds[.][8]

In addition, the MSA provides as follows:

3. Payment and Set-off: Reservation of Rights. Contractor shall issue invoices to Walmart for the Services in accordance with the applicable Scope of Work or Work Order. Contractor's fees shall include all costs and taxes. Subject to Company's Expense Reimbursement Policy in Exhibit B, and except as otherwise indicated in a Scope of Work or Work Order, Company shall not be obligated to pay or reimburse Service Provider for any charge, cost, or expense incurred by the Service Provider in performing the Services or otherwise discharging its obligations under this Agreement.[9]

Attached to the MSA is a "Form of Scope of Work" which sets forth the general work order requirements and invoice requirements. Paragraph E of the invoice guidelines provides as follows:

---

[7] *Id.* p. 15.
[8] Defendant's exhibit D, p. 5 ¶ 10.
[9] *Id.* p. 1, ¶ 3.

The invoice must show the itemized breakdown, description and subtotals for materials, labor, refrigerant, trip charges, freight and taxes associated with these charges. Travel labor and labor must be identified separately, but subtotaled together as labor. Refer to Exhibit D for the required information to be on your invoice.

AGCS also notes that Wal-Mart's Expense Reimbursement Policy attached as an exhibit to the MSA provides that Wal-Mart will reimburse Sealand for reasonable, documented out-of-pocket expenses incurred on behalf of Wal-Mart; AGCS complains that there is no provision for the payment or reimbursement of insurance premiums.[10]

AGCS asserts that two days prior to the accident that is the subject to this lawsuit, Wal-Mart requested that Sealand perform maintenance and repair work at one of its stores, specifically replacing a light ballast. Unfortunately, Raymond McGehee, III was fatally electrocuted while performing the work order.

AGCS argues that the indemnity and insurance provisions are void because the indemnitee cannot require the indemnitor to carry certain insurance for the benefit of the indemnitee, and an indemnitee cannot seek recovery from an indemnitor for the indemnitee's own negligence.

*Choice of law*

Wal-Mart's position is that the LCAIS does not apply because the MSA provides that it is to be governed by the laws of the State of Arkansas (See Defendant's exhibit 2, ¶ 16 **Governing Law; Venue; Statute of Limitations.**) contrary to counsel for Sealand's oral argument. Wal-Mart argues that because AGCS's argument relies solely upon the language

---

[10] See generally, *Id.* at pp. 10-11.

of the MSA, the laws of the state of Arkansas should be applied to evaluate and interpret the contract, and Arkansas law does not invalidate the MSA provisions.

AGCS argues that per the plain language of its policy, Louisiana law applies to the interpretation of the AGCS Marine General Liability Insurance policy and thus, the LCAIS applies. The policy issued by AGCS also contains a choice of law provision which states that the "laws of the State of Louisiana shall apply excluding any choice-of-law rule that would refer the law of another jurisdiction."[11]

Wal-Mart and Sealand agreed that Arkansas law applies to the MSA, as provided in the MSA. "[W]here the parties stipulate the state law governing the contract, Louisiana conflict of laws principles require that the stipulation be given effect, unless there is statutory or jurisprudential law to the contrary or strong public policy considerations justifying the refusal to honor the contract as written.[12] The Court agrees with Wal-Mart that AGCS is contending that the MSA is a "construction contract" within the definition of the LCAIS, therefore, because the MSA is at issue, Arkansas law applies. The Court further agrees that the LCAIS does not apply to the MSA; moreover, because Arkansas law applies, the provisions to provide additional insured coverage to Wal-Mart are valid and enforceable for the reasons discussed herein.

*The work order and service provided is not a "construction contract" as intended by the Arkansas Anti-Indemnity Statute*

---

[11] Doc. 47-6, p.19, ¶ 16.
[12] *Carter v. Youngsville II Housing, LLLP,* 2018 WL 2410804, at *4, (W.D.La. May 25, 2018) *reconsideration denied,* 2018 WL 3637884 (W.D. La. July 30, 2018) citing *O'Bannon v. Moriah Technologies, Inc.,* 2018 WL 1561333, at *8 (La.App. 1 Cir. 2018).

Arkansas's Construction Anti-Indemnity statute, AR St. §4-56-104 provides as

follows:

> (a) As used in this section:
>
> (1) "Construction" means any of the following services, functions, or combination of the following services or functions to construct a building, building site, or structure, to construct a permanent improvement to a building, building site, or structure, including sitework...
>
> (2) (A) "Construction agreement" means the bargain of the parties in fact, as found in the language of the parties or inferred from other circumstances, including course of performance, course of dealing, or usage of trade as provided in § 4-1-303.
>
> (B) "Construction agreement" does not include an insurance contract, a construction bond, or a contract to defend a party against liability;
>
> (3)(A) "Construction contract" means the total legal obligation that results from the parties' agreement as supplemented by any other applicable law.
>
> (B) "Construction contract" does not include any insurance contract, a construction bond or a contract to defend a party against liability:

The Court finds that the MSA is not a construction agreement or a construction contract

as defined by the express language of the Arkansas Statute because the MSA and work order

was not a function to construct a building, but was the maintenance of a ballast.[13]

Wal-Mart also notes that the Arkansas statute which prohibits contractual provisions

that "require[] an entity or that entity's insurer to indemnify, defend, or hold harmless another

entity against liability for damage ... which arises out of the negligence ... of the indemnitee,"

is not violated by the MSA because the MSA does not require Sealand to indemnify Wal-Mart

---

[13] Wal-Mart also argues that the Arkansas Anti-Indemnity Statute does not apply to void any provision of the MSA because it is not a "construction contract" and because both a "construction agreement" and a "construction contract" exclude an insurance contract, a construction bond, or a contract to defend a party against liability.

for its' sole negligence. The Court agrees. The Arkansas Statute § 4-56-104(a)(e)(1) provides

the following:

> (e) The provisions of this section do not affect any provisions in a construction agreement or construction contract:
>
> > (1) That requires an entity or that entity's insurer to indemnify another entity against liability for damage arising out of the death or of bodily injury to persons, or damage to property, but the indemnification shall not exceed any amounts that are greater than that represented by the degree or percentage of negligence or fault attributable to the indemnitors, its agents, representatives, subcontractors, or suppliers;

Thus, the Arkansas statute expressly authorizes indemnity for the negligence of the

indemnitor or its subcontractors.

*The work order and service provided is not a "construction contract" as intended by the Louisiana Anti-Indemnity Statute*

Even though we find that the additional insured coverage provisions are valid and

enforceable because Louisiana law does not apply to the MSA, the Court will also consider

whether the MSA is a "construction contract" as suggested by AGCS under the LCAIS.

AGCS argues that Louisiana law governs the MSA because it is a "construction

contract" as defined by the LCAIS. AGCS asserts that Louisiana's strong public policy interest

additionally negates the MSA's choice of law provision. Louisiana Revised Statute § 9:2780.1

provides as follows:

> A. For purposes of this Section, the following terms have the meanings ascribed to them by this Subsection, except where the context clearly indicates otherwise:
>
> ***

(2)(a) "Construction contract" shall mean any agreement for the design, construction, alteration, renovation, repair, or maintenance of a building, structure, highway, road, bridge, water line, sewer line, oil line, gas line, appurtenance, or other improvement to real property, or repair or maintenance of a highway, road, or bridge, including any moving, demolition, or excavation, except that no deed, lease, easement, license, or others instrument granting an interest in or the right to possess property will be deemed to be a construction contract even if the instrument includes the right to design, construct, alter, renovate, repair, or maintain improvements on such real property.

Essentially, AGCS is asking this Court to deem the MSA between Wal-Mart and Sealand as a construction contract in order to void the indemnity provision in the MSA and the additional insured provision in the insurance policy. The Court finds that the MSA and the Work Order Request for the replacement of a ballast is not a "construction contract" as defined and intended by the LCAIS. The MSA provides that Sealand will protect, defend, hold harmless, and indemnify Wal-Mart against any and all lawsuits, claims, demands, costs and expenses arising from the services Sealand performs.

AGCS's argument that service was performed on the electrical system affixed to the building, does not morph the MSA into a "construction contract." Replacing a ballast is a routine service caused by normal wear and tear. AGCS's argument is entirely out of context with the intent and purpose of the statute. See *360 International, Inc. v. GoMex Offshore, Ltd.*, 2019 WL 2852947 (W.D. La. 2019)(Magistrate Judge Hanna).[14]

## CONCLUSION

---

[14] This article (La .R.S. 2780.1) limits the applicability of the term "construction contract" to a contract pertaining to a building, structure, road, or other improvement to real property. Refurbishing and installing compressors, pumps, and tanks does not appear to be the type of permanent improvements to real property contemplated by the Article.

The Court finds that Arkansas law applies to the MSA and that the Arkansas Anti-Indemnity Statute does not apply to the MSA because it is not a construction contract or construction agreement as intended by the Statute. Consequently, the Court finds that AGCS has failed to establish that it is entitled to judgment in its favor, or that Wal-Mart is not an additional insured under the AGCS general liability insurance policy. The motion for summary judgment will be denied.

**THUS DONE AND SIGNED** in chambers, on this 25 day of October, 2019.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**