UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAIGE PORTEIR MCGEHEE, ET AL.** | **:** | **DOCKET NO. 2:17-CV-01372** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **WAL-MART LOUISIANA, LLC, ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Compel Discovery [doc. 128] filed by defendants Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc.  The time for response has passed, making this motion ripe for resolution.  For reasons set forth below, the court finds that the motion should be **GRANTED**.

### I.
#### BACKGROUND

This dispute arises from the death of Raymond James McGehee, III. Doc. 1, att. 2.  The decedent's widow Paige Portier McGehee brought this action against defendants, both individually and on behalf of the minor children of her marriage to the decedent. *Id.*  Defendants propounded written discovery upon plaintiff in the form of interrogatories, requests for production, and requests for admission. *See* doc. 128, att. 2.  The requested documents included medical records and executed medical authorizations. *Id.* at p. 11.  Plaintiff responded when the discovery was initially propounded in October of 2017. Doc. 128, att. 1, p. 1.

In December of 2022, defendants asked plaintiff to supplement her discovery responses to provide updated information, including new medical record authorizations. *Id.*  Counsel for both parties held a conference to discuss the matter, and plaintiff's counsel indicated that plaintiff

did not agree to produce current medical treatment records because she thought they were irrelevant. *Id.* Plaintiff has yet to supplement her responses. *Id.*

Defendants subsequently filed the instant motion to compel plaintiff's full and complete responses to discovery requests, updated medical records, and signed medical authorizations. *Id.* Plaintiff did not respond to the instant motion.

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 26(e), a party who has responded to discovery requests has an ongoing obligation to supplement such responses. According to defendants, plaintiff refuses to supplement her discovery responses because she believes the updated information is irrelevant. Doc. 128, att. 1, p. 1. The party resisting discovery must show how the request is not relevant. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *Ramirez v. City of El Paso, Texas*, No. 17-CV-00193, 2022 WL 16702705, at *1 (W.D. Tex. Nov. 2, 2022). However, plaintiff has not made any such showing. In fact, she did not even respond to the instant motion.

After reviewing defendants' motion and the attachments thereto and considering that plaintiff did not file an opposition, we find that plaintiff must comply with her ongoing obligation under Rule 26(e) to supplement discovery responses. Thus, we GRANT the Motion to Compel Discovery.

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion to Compel Discovery [doc. 128] be **GRANTED**. In accordance with Federal Rule of Civil Procedure 26(e), PAIGE PORTEIR MCGEHEE is THUS ORDERED to provide full and complete supplemental responses to the

discovery requests from WAL-MART LOUISIANA, LLC and WAL-MART STORES, INC. on or before January 16, 2023.  This quick deadline is necessary given the parties are to submit pretrial statements to the district court on January 17, 2023.

    THUS DONE AND SIGNED in Chambers this 13th day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE