UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PAIGE PORTIER MCGEHEE** | **CASE NO.  2:17-CV-01372** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WAL-MART LOUISIANA LLC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment on Behalf of Wal-Mart" (Doc. 117) who moves for summary judgment in its favor and against Plaintiff. Plaintiff opposes the motion.[1]

## FACTUAL STATEMENT

On or about September 26, 2016, Raymond James McGehee, III (deceased) was fatally electrocuted while replacing and/or repairing light fixtures in a Wal-Mart Store. At the time Mr. McGehee was an employee of Sealand Mechanical, LLC ("Sealand").[2] Sealand is an independent contractor for Wal-Mart.[3]

Mr. McGehee was an electrician and held a National Center for Construction Education and Research (NCCER) certification.[4] He also receive further training from his employer, including training on electrical safety, use of energized parts, the Lockout/Tagout Policy, and Stop Work Authority Policy.[5]

---

[1] Plaintiff's Memorandum in Opposition to Motion for Summary Judgment.
[2] Defendants' Exhibit A. Rick Everett, Sealand 30(b)(6) representative, p. 27, 33, 81-82.
[3] *Id.* p. 27, 84.
[4] *Id.* p. 33.
[5] *Id.* pp. 34-37, 44-45, Defendants' Exhibit A-9, p. 15-16.

Mr. McGehee brought his own tools, equipment, and supplies that were provided to him by Sealand to the Wal-Mart job.[6] Mr. McGehee was expected to rely upon his personal training to complete the service request.[7] Sealand did not expect Wal-Mart to assist Mr. McGehee in the work he was performing.[8]

Wal-Mart did not provide direction, control, instruction, supervisions, or assistance to Mr. McGehee.[9] On September 26, 2016, Mr. McGehee was working alone.[10] Sealand required that Mr. McGehee first conduct diagnostic testing while the electricity was powered on to determine how to respond to the Wal-Mart work order.[11] Mr. McGehee was responsible for isolating energy from the light fixture and confirming the circuit was de-energized before pulling the system apart and starting the ballast replacement.[12]

The breaker was located a few feet away from Mr. McGehee's workspace and it was clearly and properly labeled.[13] No one locked out/tagged out the circuit breaker at any time prior to the electrocution.[14] There is no evidence that anyone flipped any switch or otherwise activated the lights/electricity while Mr. McGehee was working.[15]

---

[6] Defendants' Exhibit A, pp. 68-69; Defendants' Exhibit C, Lon Whitley deposition, pp. 28, 42, 88, 90-93, 96.
[7] Defendants' Exhibit A, pp. 69-73; Defendants' Exhibit C, pp. 91-93, 96.
[8] Defendants' Exhibit A, pp. 69-73; Defendants' Exhibit G, Eric Sherman (Wal-Mart 30(b)(6)) deposition, pp. 69, 75.
[9] Defendants' Exhibit A, pp. 68-73; Defendants' Exhibit B, Nathan Alexander affidavit; Defendants' Exhibit C, p. 22, Exhibit C-7; Defendants' Exhibit D, Stephen Batchan affidavit; Defendants' Exhibit E, ¶ 14.
[10] Defendants' Exhibit B, Defendants' Exhibit D, Defendant' Exhibit F-1, Video Surveillance.
[11] Defendants' Exhibit A, pp. 49-50, 73-75.
[12] Defendants' Exhibit A, pp. 44-45, 50-51, 55-58, 73-75; Defendants' Exhibit B; Defendants' Exhibit C, pp. 26-28; Defendants' Exhibit D; Defendants' Exhibit E and E-1, pp. 4-11.; Defendants' Exhibit G, pp. 38-39, 75.
[13] Defendants' Exhibit C-7 and E.
[14] Defendants' Exhibit A, p. 51, 53-54, 81-82; Exhibit C, p. 26-28; Exhibit E, ¶ 9; Exhibit G, p. 38).
[15] Defendants' Exhibits B, D.

When the incident occurred, eyewitnesses Nathan Alexander and Stephen Batchan responded, turned the light switch off, called 911, and notified managers.[16]

Wal-Mart is not aware of any damage or defects to the electrical circuitry of the rack house or the light fixture at issue and knows of no other person to have been injured by electricity in the rack house.[17]

## MOTION FOR SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."

---

[16] Defendants' Exhibits B, D.
[17] Defendants' Exhibit B; Exhibit C-7; Exhibit G, pp. 64-65.

*Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

Additionally, when the nonmovant bears the burden of proof at trial, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery an upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Pennington v. Vistron Corp.*, 876 F.2d 414, 427 (5th Cir. 1989). In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23 (quotations omitted). The movant's burden to show the lack of a genuine issue of material fact "may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Finally, courts may consider the evidence shown in a nonmoving party's opposition to motion for summary

judgment to determine whether it, "if reduced to admissible evidence, would be sufficient to carry [his/her/its] burden of proof at trial." *Id.* at 327.

## LAW & ANALYSIS

In Louisiana, liability on a theory of negligence is determined using the following duty-risk analysis:

> (1) Was the conduct of which the plaintiff complains a cause-in-fact of the resulting harm?
> (2) What, if any, duties were owed by the respective parties?
> (3) Whether the requisite duties were breached?
> (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?
> (5) Were actual damages sustained?

*E.g.*, *Pitre v. Louisiana Tech Univ.*, 673 So. 2d 585, 589–90 (La. 1996). Here, Wal-Mart argues that Plaintiff has failed to meet her burden by making a showing sufficient to establish causation and duty, which are essential elements to establish liability under duty-risk. *See id.* First, Wal-Mart claims that there is no evidence of an act by Walmart that caused this incident.[18] Specifically, it is Wal-Mart's position that the undisputed evidence shows that neither Nathan Alexander nor Stephen Batchan, the two men who were in the area at the time of the incident, energized the circuit Mr. McGehee was working on.[19] Second, as to duty, Wal-Mart argues that there is neither any evidence of a defect in Wal-Mart's equipment/premises nor evidence of any act by Wal-Mart that would create a condition giving rise to an unreasonable danger for which Wal-Mart had a duty to protect Mr. McGehee against.[20]

---

[18] Defendants' Memorandum in Support of Motion for Summary Judgment, p. 9.
[19] *Id.*, p. 16.
[20] *Id.*, p. 9.

By contrast, Plaintiff, as nonmovant, having the burden to "set forth specific facts showing that there is a genuine issue for trial," argues summary judgment should be denied because there is evidence to raise an issue of material fact as to whether Wal-Mart owed a duty to Mr. McGehee. *See Anderson*, 477 U.S. at 248. In her memorandum in opposition, Plaintiff indicates that "Walmart's policies, however, required electrical equipment to be deenergized before being worked on by locking and tagging it out" and "[t]hose procedures also required Walmart to obtain its contractor's lockout/tagout procedures and to communicate with the contractor about de-energizing and re-energizing the equipment being repaired."[21] Additionally, "'Walmart policy required the Walmart employee who called out for the service work to go with the contractor's employee to the work area to make sure the work area was locked out and tagged out before the contractor's employee began working, and Walmart had locks and tags for that purpose."[22] After considering this evidence in Plaintiff's memorandum in opposition when "reduced to admissible evidence," the Court finds it sufficient to carry Plaintiff's burden of proof at trial. *See Celotex*, 477 U.S. at 327. Accordingly, summary judgment is not warranted.

---

[21] Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p. 9–10.
[22] *Id.*, p. 10.

## CONCLUSION

For the aforesaid reasons, Defendants' "Motion for Summary Judgment on Behalf of Wal-Mart" (Doc. 117) will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 13th day of January 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**